UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF WESTPORT, and ) <br> WESTPORT COMMUNITY SCHOOLS, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MONSANTO COMPANY, ) <br> SOLUTIA INC., and ) <br> PHARMACIA CORPORATION, ) <br>     Defendants. ) | C.A. No. 14-CV-12041 |

## THE DEFENDANTS' MOTION TO EXCLUDE
## THE EXPERT TESTIMONY OF ROBERT F. HERRICK

Pursuant to rules 104 and 702 of the Federal Rules of Evidence, the defendants Pharmacia LLC, Solutia Inc. and Monsanto Company (collectively "Pharmacia") hereby move to exclude the proffered expert testimony of Robert F. Herrick on behalf of plaintiffs Town of Westport and Westport Community Schools ("Plaintiffs") from all evidentiary and fact-finding proceedings.

Plaintiffs seek to recover the cost of property damage allegedly arising from PCBs that volatilized from building products into the air at WMS. Plaintiffs contend that Pharmacia should be liable under theories of negligence, and breach of implied warranty of merchantability for defective design and failure to warn. Plaintiffs intend to call Dr. Herrick to opine that the actions taken by Plaintiffs after PCBs were discovered were "reasonable" because PCBs were a "health threat" to building occupants and the public.

Dr. Herrick's proffered testimony that the actions taken by Plaintiffs were reasonable is inadmissible for three reasons: (1) Dr. Herrick admits that his reasonableness opinion is not a scientific statement capable of verification; (2) Dr. Herrick admits that he has no expertise in PCB remediation and therefore is unqualified to opine on the reasonableness of Westport's

actions following the discovery of PCBs; and (3) Dr. Herrick's reasonableness opinion lacks the required "fit" where Plaintiffs' burden is that its actions were reasonably necessary.

Dr. Herrick's proffered opinion about the existence of a "health threat" at the WMS is inadmissible for five reasons: (1) it lacks the necessary "fit" to Plaintiffs' burden of proof; (2) it is unsupported by the requisite scientific data; (3) Dr. Herrick relies on scientific studies that involve exposure levels and pathways irrelevant to the WMS; (4) Dr. Herrick fails to use a recognized scientific methodology to derive his opinions; (5) Dr. Herrick lacks the relevant qualifications; and (6) it is cumulative.

For these reasons and the reasons more fully set forth in the accompanying memorandum, Robert F. Herrick's opinions are inadmissible and should be excluded from all evidentiary and fact-finding proceedings.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the defendants Pharmacia LLC, Solutia Inc. and Monsanto Company request a hearing on this motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Pharmacia contacted Westport's counsel in a good faith effort to resolve or narrow the issue presented by this motion, but no agreement could be reached.

Date: November 21, 2016

PHARMACIA LLC, SOLUTIA INC., AND MONSANTO COMPANY

By its attorneys,

WHITE AND WILLIAMS LLP

 /s/ Richard L. Campbell
Richard L. Campbell (BBO # 663934)
Brandon L. Arber (BBO # 676425)

-3-

                                          Diana A. Chang (BBO # 682317)
                                        Thomas M. Goutman (*pro hac vice*)
                                        David S. Haase (*pro hac vice*)
                                        White and Williams LLP
                                        101 Arch Street, Suite 1930
                                        Boston, MA 02110-1103
                                        (617) 748-5200
                                        Campbellrl@whiteandwilliams.com
                                        Arberb@whiteandwilliams.com
                                        Changd@whiteandwilliams.com
                                        goutmant@whiteandwilliams.com
                                        haased@whiteandwilliams.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the ECF system on November 21, 2016.

                                                /s/ Richard L. Campbell